UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____17-CR-80013-MIDDLEBROOKS_____

UNITED STATES OF AMERICA

v.

FRANSESIA DAVIS, a/k/a "Francine,"
a/k/a "Francesa,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Fransesia Davis, a/k/a "Francine," a/k/a "Francesa" (hereinafter referred to as the "defendant"), enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 17, which charge that the defendant conspired with persons known and unknown to commit health care fraud, in violation of 18 U.S.C. § 1347; all in violation of 18 U.S.C. § 1349; and the defendant unlawfully and knowingly managed, controlled, leased, and made available for use the premises located at 1130 48th Street, West Palm Beach, Florida, for the purpose of unlawfully and distributing a controlled substance, in violation of 21 U.S.C. § 856(a) and 18 U.S.C.§ 2.

2. The United States agrees to dismiss the remaining counts and the forfeiture provision at the time of sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

1

determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.     The defendant also understands and acknowledges that, as to Count 1, the Court may impose a maximum term of imprisonment of ten (10) years, to be followed by a term of supervised release of not more than three (3) years, and may impose a fine of up to $250,000. As to Count 17, the defendant understands and acknowledges that the Court may impose a maximum term of imprisonment of twenty (20) years, to be followed by a term of supervised release of not more than three (3) years, and may impose a fine of up to $500,000. The defendant further understands and acknowledges that restitution is mandatory and she will be required to pay restitution to the victims of her offenses, which will be calculated by the Court's Probation Office at the time of sentencing. The defendant also understands and acknowledges that a violation of the terms of her supervised release can result in additional criminal penalties.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this Agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office and the defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

    a. The offenses comprise two "groups." Group 1 consists of the offense charged in Count 1 and Group 2 consists of the offense charged in Count 17.

    b. As to Group 1, the defendant should be assigned to Base Offense Level 6, pursuant to USSG §§ 2X1.1(a) and 2B1.1(a)(2); the defendant's offense level should be increased by 18 levels pursuant to USSG § 2B1.1(b)(1) because the actual loss to victims was between $3,500,000 and $9,500,000; the defendant's offense level should be increased by two levels, pursuant to USSG § 2B1.1(b)(2)(A)(i), because the offense involved 10 or more victims; and the defendant's offense level should be decreased by two levels, pursuant to USSG § 3B1.2(b), because the defendant was a minor participant in the health care fraud conspiracy, resulting in a subtotal of 24 for Group 1.

  c. As to Group 2, pursuant to USSG §§ 2D1.1 and 2D1.8, the defendant should be assigned Base Offense Level 12 because the offense involved Schedule I stimulants; the defendant's offense level should be decreased by 4 levels pursuant to USSG § 2D1.8(a)(2) because the defendant's participation in the underlying controlled substance offense was limited to allowing use of the premises, resulting in a subtotal of 8 for Group 2.

  d. Combining Group 1 and Group 2 results in an adjusted offense level of 24 points.

  e. The defendant's adjusted offense level should be reduced by two levels, pursuant to USSG § 3E1.1(a), based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility; and

  f. At the time of sentencing, if the defendant's offense level is determined to be 16 or greater, this Office will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently.

  g. There are no further agreements or joint recommendations regarding the calculation of the Guidelines, and the defendant understands and acknowledges that the United States will ask the Court to impose a two-level enhancement for reckless risk of serious bodily injury pursuant to USSG § 2B1.1(b)(15)(A) and a two-level vulnerable victim enhancement pursuant to USSG § 3A1.1(b)(1).

8.      The defendant agrees that she shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; and (b) appearing at such grand jury proceedings, hearings, trials, and other state and federal judicial proceedings, and at meetings, as may be required by this Office.  In addition, the defendant agrees that she will not protect any person or entity through false information or omission, that she will not falsely implicate any person or entity, and that she will not commit any further crimes.

9.      This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing.  If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced.  The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

10. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

11. The defendant agrees that she is jointly and severally responsible for restitution in an amount to be determined by the Court's Probation Office and further promises and agrees to use her best efforts to make a partial payment of restitution at the time of sentencing. If the defendant is able to make a partial payment of restitution, she shall provide a cashier's check made payable to "Clerk, U.S. District Court" to her attorney no later than April 15, 2017.

12. Limitation on Joint Sentencing Recommendations: The defendant understands and agrees that this Office will not be required to make the motion and sentencing recommendations set forth in paragraph (7) and will not make a motion for sentencing reduction pursuant to U.S.S.G. § 5K1.1 or Rule 35 if the defendant: (a) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; (b) is found to have misrepresented facts to this Office prior to entering this plea agreement that were relied upon by this Office in reaching this agreement; (c) breaches any term of this agreement; including but not limited to the promise to use her best efforts to make a partial payment of restitution at the time of sentencing; or (d) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official, including making any false statement to the Court. The defendant further understands and acknowledges that the Court is under no obligation to accept any of this Office's or the parties' joint sentencing recommendations.

13.     Penalties for Violation of Plea Agreement:  Should the defendant violate the terms of her plea agreement by committing any additional crimes or giving false, incomplete, or misleading information or testimony, or by incriminating any innocent person, or by otherwise violating any terms or provisions of this Agreement including the waiver of the right to appeal, then this Agreement shall be void and the defendant shall thereafter be subject to prosecution for any federal criminal violation of which this Office has knowledge, including substantive health care fraud, money laundering, and Title 21 charges, and the defendant will have no right to vacate her plea of guilty to the other charges contained in the Indictment.  Any such prosecution for additional federal criminal violations may be premised upon (1) any information or statements provided by the defendant to this Office or other law enforcement agents or officers, (2) any testimony or statements given by the defendant in court, grand jury, or other proceedings, and (3) any leads derived from such information, statements, or testimony.  The defendant understands that such information, statements, testimony and leads derived therefrom may be used against her in any such prosecution.  Moreover, the defendant agrees that all such information, statements or testimony shall be admissible in criminal proceedings against her, and she expressly waives any claim under Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or statute that such information, statements, testimony or leads should be suppressed or excluded, including but not limited to any claim or argument that the information or statements were not voluntarily made, or were made in violation of the protections of *Miranda v. Arizona*.  Finally, the defendant waives any claim that such prosecution is time-barred where the statute of limitations has expired between the signing of this agreement and the commencement of any such prosecution.

14.     The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office, or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court, and the Court may disregard the recommendation in its entirety. The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose. The defendant understands and acknowledges, as previously acknowledged in paragraph (3) above, that the defendant may not withdraw her plea based upon (a) the Court's decision not to accept a sentencing recommendation made by the defendant and/or this Office, or (b) the fact that she received an incorrect estimate of the sentence that she would receive, whether that estimate came from her attorney, this Office, and/or the Probation Office.

15.     The defendant agrees that she has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this written Plea Agreement, were made to induce the defendant to enter her plea of guilty.

16.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by this Office in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the advisory guideline range that the Court

establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Section 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the Court enter a specific finding that the defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

17. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 2/15/2017   By: _____
A. MARIE VILLAFANA
ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/17   By: _____
NEISON MARKS, ESQ.
ATTORNEY FOR DEFENDANT

Date: 2-15-17   By: _____
FRANSESIA DAVIS
DEFENDANT